GEORGE E. McMACKIN, DEFENDANT, v. GENERAL MOTORS CORPORATION, PROSECUTOR.

Submitted January 20, 1948—Decided April 17, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Carpenter, Gilmour & Dwyer* and *Carl S. Kuebler.*

For the defendant, *Avidan & Avidan.*

The opinion of the court was delivered by

DONGES, J. This is an application for a writ of *certiorari* to review a judgment of the Hudson County Court of Common Pleas affirming an award of compensation to the petitioner-defendant for a temporary disability and for 30% of total permanent disability, as well as medical expenses, witness fees and counsel fees. A writ was heretofore denied by the Chief Justice.

Admittedly the condition from which the petitioner is suffering and by which he is disabled is a heart condition called posterior myocardial infarction. The question is whether or not there was an accident arising out of and in the course of his employment which produced this condition. Prosecutor contends that the condition was one of heart disease, evidenced by prior distress suffered by petitioner, that he had been treated for such condition previous to the day of the alleged accident and that the evidence of a sudden effort or extraordinary strain is uncorroborated and insufficient, all of which brings the case under the doctrine of *Lohndorf* v. *Peper Bros. Paint Co.,* 134 *N. J. L.* 156; *affirmed,* 135 *Id.*

352, and leads to the conclusion that a compensable accident was not proved.

Prosecutor was 54 years of age at the time of the alleged accident on June 24th, 1946. He was employed as a laborer and his work consisted of loading bronze cages on a truck and then pulling this loaded truck from one point to another within the premises of his employer. The weight of the loaded truck was estimated at something in excess of 300 pounds, perhaps in the neighborhood of 600 pounds. There is no doubt that he suffered a heart attack, which required immediate attention, while he was in and about the performance of his duties. He reported to the nurse who called a physician. The doctor administered morphine and recommended hospitalization. Petitioner was taken to his personal physician in a car of prosecutor, and, not being able to locate his doctor, he was taken home but during the night had to be removed to the hospital.

Petitioner's contention is that he suffered the attack by virtue of unusual strain involved in his work. His description of the incident was given in the following language, "Q. When did you get the pain? A. I got the pain when I was pulling it [the loaded truck] over because the floor was half an inch or about a quarter of an inch with dirt and very heavy for the wheels to push through the dirt, and when I pulled over there I had to give it a pull with all my strength and I got that sharp pain right in here."

The evidence concerning the happening of the event and the immediate results thereof, together with the medical testimony, which, of course, was not in entire accord, leads us to the conclusion that there is reasonable support for the finding of the two lower tribunals that the injury and resulting disability to the petitioner were caused by the extra heavy strain placed upon him by his work at the time and that it would not have occurred but for such strain. In other words, the condition is the result of an accident arising out of and in the course of the employment within the holding of our cases. *Lockwood* v. *Parker*, 132 *N. J. L.* 482; *Molnar* v. *American Smelting and Refining Co.*, 128 *Id.* 11; *Bernstein Furniture Co.* v. *Kelly*, 114 *Id.* 500.

The writ is denied, with costs.